OPINION
{¶ 1} Defendant James R. Daugherty appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which ordered him to recalculate the amount payable to plaintiff Irene Daugherty nka Irene Schaad, awarded as her share of the marital property in the original decree of divorce. Appellant assigns two errors to the trial court:
 {¶ 2} "The Trial Court Erred By Modifying, Recalculating And Increasing The Number Of Shares Of General Electric Stock Awarded The Former Wife In The Original Decree Of Divorce.
 {¶ 3} "The Trial Court Erred By Requiring James Daugherty To Retroactvely Calculate And Pay The Stock Split Amount As Of The Date They Became Exercisable."
 {¶ 4} The record indicates the parties were divorced on June 26, 1996. As part of the divorce decree, the trial court ordered James Daugherty to immediately exercise one-half of any stock options currently exercisable and pay over the proceeds to Irene Daugherty. The unexercised options were to be placed in trust and, when each group became exercisable, the defendant was to exercise at least one-half of each group of options at whatever the current stock price was. The court ordered James Daugherty to forward this amount to Irene Daugherty. The trial court retained jurisdiction over this to see that it was properly divided. The trial court found 2,875 stock option shares were not exercisable at the time the decree was entered.
 {¶ 5} Subsequent to the entry of the divorce decree, but before appellant was able to exercise his options, the stock split. It is not unusual for GE stock to split and the trial court expressly found all parties and the court was aware of this.
 {¶ 6} After the split, James Daugherty exercised the one-half of the original pre-split of options ordered by the court. He paid over to Irene Schaad 1,438 shares as they became due. Several years later, she moved the court to find appellant in contempt of court.
 I {¶ 7} In his first assignment of error, appellant characterizes the trial court's action as modifying, recalculating, and increasing the number of shares of General Electric stock awarded to his former wife. Daugherty states the trial court ordered a specific number of shares of GE stock to be split between the parties when the options became exercisable. James Daugherty paid over to his ex-wife 1,438 shares, and asserts his ex-wife should not benefit from the stock splits.
 {¶ 8} In its judgment entry of February 19, 2003, the trial court found it had expressly ordered appellant to exercise at least one-half of each group of options at whatever the current stock price is, and by this, clearly intended both parties to benefit from any stock splits. The trial court declined to find appellant in contempt of its prior order, but found appellee had not received the proper value for one-half of the stock options.
 {¶ 9} We find the trial court did not modify, recalculate, or increase the number of shares of stock it awarded appellee. Instead, it clarified that it intended for appellee to receive one-half of the stock.
 {¶ 10} We find no error. The first assignment of error is overruled.
 II {¶ 11} In his second assignment of error, appellant urges the trial court should not have ordered him to retroactively calculate and pay the stock split amount as of the date the options became exercisable. Appellant again asserts appellee accepted the payments as scheduled, and did not question it for nearly three years. Appellant asks this court to estop her from asserting what he characterizes as a retroactive claim.
 {¶ 12} We find this claim is not "retroactive". The trial court found, appellant had failed to pay over to appellee the proper value of the stock. Appellant urges he should pay over to her the current value of the options, because they have risen and fallen with the value of the stock.
 {¶ 13} It is specifically because the value of the options have risen and fallen that appellant must determine the value as of the date they became exercisable, which is the date when appellee should have received the full payment.
 {¶ 14} The second assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.